# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 22, 2022

Lyle W. Cayce
Clerk

No. 20-60916
Summary Calendar

Ariel Armando Castellanos-Ulloa; Etlynn Marleness
Castellanos-Castro,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A213 306 902; A213 306 903

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Ariel Armando Castellanos-Ulloa and Etlynn Marleness Castellanos-Castro (Etlynn), natives and citizens of Honduras, petition for review of the decision by the Board of Immigration Appeals (BIA) vacating the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Immigration Judge's (IJ) pretermission of their applications for asylum based upon 8 C.F.R. § 1208.13(c)(4) and dismissing the appeal and adopting and affirming the IJ's denial of asylum, withholding of removal, and Convention Against Torture (CAT) relief on the merits. Castellanos-Ulloa's application was based upon two instances when he was robbed, seriously injured, and threatened by groups of criminals. Etlynn seeks derivative asylum and withholding of removal as a rider on Castellanos-Ulloa's application.

While we ordinarily review only the decision of the BIA, when, as in the instant case, the BIA has adopted the IJ's reasoning, we review the IJ's ruling to the extent that it affected the BIA's decision. *See Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir. 2007). We review the denials of asylum, withholding of removal, and CAT relief under the substantial evidence standard of review. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Castellanos-Ulloa does not challenge the IJ's substantive reasons, adopted by the BIA, for denying asylum and withholding of removal, and he has therefore abandoned any such challenge. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Insofar as he contends that the BIA failed to address the request for a remand that he made as a part of his appellate brief, Castellanos-Ulloa did not challenge the alleged failure before the BIA in a motion to reconsider, and we therefore lack jurisdiction to consider the issue. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-61 (5th Cir. 2022).

Finally, Castellanos-Ulloa fails to cite evidence compelling the conclusion that the BIA erred by denying CAT relief. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 229 (5th Cir. 2019) ("[A] government's inability to protect its citizens does not amount to acquiescence [under the CAT].") (internal quotation marks and citation omitted)); *Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014) ("[P]otential instances of violence committed by non-governmental actors against citizens, together with

No. 20-60916

speculation that the police might not prevent that violence, are generally insufficient to prove government acquiescence, especially if there is evidence that the government prosecutes rogue or corrupt public officials."). Accordingly, the petition for review is DENIED IN PART AND DISMISSED IN PART.